O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6680 AHM (RZx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | RICHARD WHITEHURST v. WALGREEN'S COMPANY STORE, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

This case involves a suit by *pro se* Plaintiff Richard Whitehurst against Defendants Walgreen Co. ("Walgreen"), Ifey Nwagboso ("Nwagboso"), Samantha Bragg ("Bragg"), and Anchor Metro, LLC ("Anchor") involving claims under the Americans with Disabilities Act and other federal civil rights statutes. Before the Court is Plaintiff's motion entitled "Motion for Judgment on the Pleading Defendant's Motion to Dismiss: An Inquest Hearing for the Purpose of Determining the Amount of Damages Due on the Claims." In addition to this document filed December 29, 2009, Plaintiff has filed two seemingly identical documents entitled "Plaintiff's Statement of Facts," one on December 29, 2009 and one on January 4, 2010. He has also lodged two seemingly identical Proposed Orders on these same dates, and he has filed an affidavit in support of his motion. Defendants filed their opposition on January 8, 2010. For the following reasons, the Court DENIES the motion.[1] The Court also declines to issue the Proposed Orders and DENIES them.

The grounds for the motion are indiscernible, and it wholly lacks merit. The Court observes that Plaintiff most likely intended the motion to be for default judgment, since he spends the entire Statement of Facts section discussing the Defendants' failure to answer his complaint. However, Walgreen, Nwagboso, and Bragg have timely filed a motion to dismiss the First Amended Complaint ("FAC"), in which Anchor has joined, so a default judgment may not be entered against them. Fed. R. Civ. P. 55(a).

---

[1]Docket No. 38.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6680 AHM (RZx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | RICHARD WHITEHURST v. WALGREEN'S COMPANY STORE, *et al.* | | |

      Alternatively, if the motion were construed as a motion for judgment on the pleadings under Rule 12(c) as the heading suggests, it is also defective, since such a motion may only be brought "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and as Plaintiff points out, Defendants have not answered his FAC.

      Defendants observe that the motion could potentially be construed as a Rule 12(f) motion to strike Defendants' pending motion to dismiss.  However, Rule 12(f) on its face applies only to pleadings, and a motion to dismiss is not considered a pleading, as explained in Fed. R. Civ. P. 7(a).  Defendants also suggest that the motion might be construed as a Rule 11(c) motion for sanctions, but such a motion must be made "separately from any other motion," Fed. R. Civ. P. 11(c)(2), which is not the case here.

      The Court is unable to find any other grounds on which Plaintiff purports to bring this motion.  The Court DENIES Plaintiff's motion as utterly lacking merit.

      No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____
Initials of Preparer              SMO